In the Matter of the Arbitration between **VAINQUEUR CORPORATION**, as Owner of the M. S. VAINQUEUR, Owner,

and

**LAMBORN & COMPANY, Inc.**, Charterer; Charter Party dated January 23, 1969, Charterer.

No. 69 Civ. 3393.

United States District Court
S. D. New York.

Oct. 9, 1969.

Poles, Tublin, Patestides & Stratakis, New York City, for petitioner; John G. Poles, Alvin L. Stern, New York City, of counsel.

Manning, Nakasian & Carey, New York City, for respondent; Andrew M. Calamari, New York City, of counsel.

## MEMORANDUM

TENNEY, District Judge.

Petitioner moves by order to show cause, dated August 1, 1969, for an order pursuant to 9 U.S.C. §§ 4 and 6, directing respondent to proceed with arbitration.

The salient facts reveal that on or about January 23, 1969, petitioner, as owner of the M. S. VAINQUEUR, entered into a written charter party with respondent herein as charterer. The charter party provided that "any and all differences and disputes" arising out of the agreement would be arbitrated in the City of New York, pursuant to the provisions of the United States Arbitration Act, 9 U.S.C. §§ 1–14. A dispute, occasioned by respondent's refusal to pay certain freights claimed to be due under the charter party, has arisen. After

many unsuccessful attempts by respondent to elude arbitration, the question before this Court is whether respondent should now be compelled to arbitrate.

 In opposing this motion, respondent asserts that petitioner is not the real party in interest because it irrevocably assigned its right to receive payment for certain freights due to the Banco de Ponce of New York. Without passing on the question of whether an irrevocable assignment of a chose in action effectively precludes the assignee from maintaining a suit thereon, the facts in this case compel me to conclude that petitioner herein is a proper party for the maintenance of this suit. Title 9, United States Code, Section 4, specifically provides:

> "A party aggrieved by the alleged failure, * * * of another to arbitrate under a written agreement for arbitration may petition any United States district court * * * for an order directing that such arbitration proceed in the manner provided for in such agreement."

Despite petitioner's assignment to the bank, I find that it is still a "party aggrieved" within the meaning of the statute. When there is a specific written agreement to arbitrate any dispute that may arise out of an agreement, and one of the parties to that agreement fails to comply with its terms, the other party is entitled to an order compelling arbitration even if that party has irrevocably assigned its rights under the agreement. In the instant case, petitioner assigned its rights in reliance on the contract and, therefore, is a "party aggrieved" by respondent's failure to comply with the terms thereof.

 Alternatively, respondent opposes this motion on the ground that petitioner changed its arbitrator without giving respondent proper notice. When this defense encounters the facts it appears frivolous. Respondent does not deny that it appointed an arbitrator who, in turn, helped pick a third arbitrator. In addition, it is undisputed that meetings were arranged with respondent's arbitrator and that hearings before the arbitrators had already begun. Thus, any impropriety in the required notice was inconsequential, and is of no moment in opposing this motion to compel arbitration.

Accordingly, and for the foregoing reasons, petitioner's motion is granted, with costs assessed against respondent.

*Submit order on notice in accordance herewith.*